IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff | ) ) ) 2:20-cv-664-NR |
| v. | ) ) ) |
| UNDER ARMOUR, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Before the Court are two competing motions to compel, filed by each side. The motions have been fully briefed and are now ready for disposition. After carefully considering the parties' arguments, the exhibits submitted, and the relevant law, the Court will deny Under Armour's motion and grant MET's motion. The Court will address each motion in turn.

**I.   Under Armour's motion**

To survive a previous motion to dismiss, MET amended its complaint to add allegations that it is a direct competitor of Under Armour. *See* ECF 54; ECF 58. Specifically, it alleges that it not only provides bioceramic powder components, but also manufactures CCREB products itself. ECF 77, ¶¶ 9, 11. Now, in discovery, Under Armour disputes that allegation and wants factual support to back it up.

To that end, Under Armour first requests a list of CCREB products that MET currently manufactures, as well as a list of outlets through which MET sold its CCREB products to consumers and intermediaries. ECF 121, pp. 4, 6. MET provided written responses and referred to specific documents it had provided. ECF 134-1, pp. 3-4; ECF 134-2, pp. 2-3. Additionally, Under Armour questioned Dr. Shannon

1

Vissman – MET's CEO – under oath about these topics. ECF 134-5, pp 50-51, 62-63, 93. But Under Armour is not satisfied with these answers, calling them 'evasive' and 'incomplete.' *See* ECF 121, p. 3. After reviewing MET's written responses, as well as deposition excerpts of Dr. Vissman, the Court finds that MET's responses are sufficient.

Second, Under Armour asked for "all documents and communications relating to any offer(s) to sell or purchase any ownership interest in MET." ECF 121, p. 7. The thought is that such documents might contain helpful information about MET's operations and shed light on whether it really is a competitor of Under Armour. *See id.* MET claims that such documents do not exist. ECF 134-7, p. 1. Though Under Armour now requests a more formal written response to that effect, ECF 121, p. 8, the Court finds that MET's response was sufficient.

At bottom, Under Armour believes that there should be more documents, or it doesn't trust MET's responses. But an additional, more formal written response is not necessary here; the representations MET has made and the information it provided – or lack thereof – have sufficiently 'boxed MET in' as to what it claims exists and doesn't exist, as well as the content of its responses. If certain documents don't exist, then they don't exist. And if certain information is lacking, it is lacking. Any alleged deficiencies are better addressed at summary judgment. But at this juncture, MET has represented that it has produced what it has, and represented that it has provided the requested information.

Finally, Under Armour requested "all written discovery responses (and corresponding requests), deposition transcripts, and documents produced by any party or nonparty" from a separate lawsuit between MET and Hologenix. *Id.* It did not give more specific parameters. MET responds that such a broad request is not proportionate to the needs of this case. ECF 133, pp. 8-10. The Court agrees with MET. Full production would involve tens of thousands of pages. *Id.* And Under

Armour already has ample information from that case. *See* ECF 121, p. 9 n.7. However, the Court will allow Under Armour to request specific follow-up documents from the Hologenix discovery, provided that they are specifically identified, relevant to this litigation, and not disproportionate.

## II.   MET's motion

MET also moves to compel, claiming that it requires more information pertaining to issues that arose for the first time during witness depositions. ECF 125, p. 1. Specifically, Dr. Matthew Trexler – Under Armour's Principal of Technology Validation – referred to Under Armour developing its own technology – a potential defense to trade secret misappropriation. ECF 124-2. And Randall Harward – Under Armour's former Senior Vice President of Material and Manufacturing Innovation – shed new light on Under Armour's relationship with Hologenix. ECF 124-4. Following the depositions, MET requested additional documents as follow-up. ECF 124-5. Under Armour called these requests 'untimely' as well as unduly broad and burdensome, and refused to provide a response. ECF 124-6. The Court finds that MET's request was timely. Moreover, the documents requested are relevant. Therefore, Under Armour is compelled to produce them.

## III.   Fees

The Court finds that both parties' positions in this discovery dispute were substantially justified, and so no costs or fees will be awarded.

*\*\*\**

For the foregoing reasons, Under Armour's motion is hereby **DENIED**, except that it may make more specific follow-up requests for specific documents or categories of documents from the Hologenix litigation. MET's motion is hereby **GRANTED**. The parties shall confer as to the timing of any supplemental requests and productions. Absent agreement, all additional documents must be produced within

45 days of this order.  The fact discovery period shall be extended an additional 60 days, until **September 27, 2022**, so that any additional requests can be made and documents exchanged, as consistent with this order.

DATE:  July 8, 2022                                         BY THE COURT:


                                                            <u>/s/ *J. Nicholas Ranjan*         </u>
                                                            United States District Judge