**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MULTIPLE ENERGY TECHNOLOGIES, LLC,

Plaintiff,

v.

UNDER ARMOUR, INC.,

Defendant.

Case No.: 2:20-cv-664

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)**

Plaintiff Multiple Energy Technologies, LLC ("MET"), pursuant to the report and recommendation of George A. Bibikos (ECF No. 163), the Special Master appointed to assist with the discovery disputes in the above-referenced action (ECF No. 157), hereby submits this Memorandum of Law in Support of its Motion to Compel Production of Documents from Under Armour Inc. ("Under Armour") responsive to MET's Third and Fourth Requests for Production (the "Requests") and the Declaration of Nicole A. Sullivan, dated November 30, 2022, in support thereof (the "Sullivan Decl.").

<u>**PRELIMINARY STATEMENT**</u>

This is the second motion to compel that MET has been forced to file due to Under Armour's failure to produce material and highly relevant documents in response to ████████ ████████████████████████████████████████████████ This Court granted the first motion to compel in its Order dated July 8, 2022 wherein it specifically held that the Requests were timely and relevant to this action. *See* ECF No. 142. Despite being ordered to produce documents responsive to the Requests, Under Armour has failed to do so. Instead, Under Armour produced a few documents, the majority of which are not at all responsive while continuing to

withhold key documents on two grounds that it has previously produced documents responsive to the Requests (they have not) and its own self-serving and narrow reading of each Request clearly designed to avoid producing the documents sought by MET.

Under Armour's refusal to produce these documents despite this Court's Order and its repeated assertions that it wants fact discovery to be over shows that the documents sought are detrimental to Under Armour's defenses herein and it is using this discovery "dispute" to hide critical documents that would support MET's claims. Since Under Armour's conduct herein is in direct contravention to this Court's Order and has caused unending expense and burden on MET while also preventing MET from fully investigating the facts in this case. Such conduct cannot and should not be countenanced by this Court.

While Under Armour contends that it has already produced documents responsive to certain of the Requests, this contention is completely belied by the documents themselves, which are not responsive to any Request at issue. This contention is also belied by Under Armour's refusal to confirm whether or not it is withholding responsive documents over its objections. Nor does Under Armour's narrow interpretation of each Request permit it to avoid its discovery obligations under the Rules and this Court's Order. Particularly since MET has explained ad nauseum to Under Armour why the narrow interpretation is incorrect and what exactly MET is seeking. Instead of producing documents, Under Armour continues to insist that its narrow reading of the Requests is what it is required to produce in nothing more than an effort to prevent MET from having key evidence to support its claims. Such gamesmanship should not be rewarded and the Motion should be granted.

## **FACTS**

I.      **General Background**

### A.    The Requests

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

Thereafter, MET served its Third and Fourth Requests on May 13 and May 24, 2022, respectively, ████████████████████████████████████████████ ████████████████████████████████████ Under Armour responded to both Requests in a letter dated June 10, 2022, without producing a single document and stating that the Requests

were untimely, overly burdensome and so vague as to not warrant any response. Sullivan Decl. Ex. C. MET responded on June 15, explaining that there was no requirement under the scheduling order that document requests be served by a date certain, the parties agreed to extend fact discovery until July 29, 2022, and thus, the Requests were timely. Sullivan Decl. Ex. D.

### B.     MET's First Motion to Compel and This Court's Order

On June 24, 2022, MET moved to compel production of documents from Under Armour in response to the Requests.  ECF Nos. 124-25. Under Armour opposed the motion to compel on the grounds that MET's requests were untimely and unduly prejudicial. ECF No. 126 at 1-2. On July 8, 2022, this Court granted MET's motion, and ordered Under Armour to produce all additional documents within 45 days. ECF No. 142. The Court rejected Under Armour's arguments, stating clearly, "the Court finds that MET's request was timely. Moreover, the documents requested are relevant. Therefore, Under Armour is compelled to produce them." *Id.*

### C.     Under Armour's Deficient Production

On August 22, 2022, Under Armour served written responses to the Requests wherein it asserted new objections to each Request and failed to state whether or not it was withholding any responsive documents based on its objections as required by Rule 34. Sullivan Decl. Exs. E, F. In fact, certain of Under Armour's objections to the Requests were raised in its June 10 letter to MET but inexplicably were not included in its opposition to MET's first motion to compel. See Sullivan Dec. Ex. C (noting the requests were "excessive, overly burdensome and disproportionate to the needs of the case" and that a "majority of the … requests are so vague and expansive that Under Armour could not formulate responses even if the requests were properly and timely issued).; ECF 126 (opposing the motion solely on the grounds of timeliness and undue burden). After this Court entered its Order, Under Armour asserted new objections

that included privilege and confidentiality objections, attorney work product, relevancy and that certain documents requested were in the possession of other parties. Compare Sullivan Decl. Exs. A, B with Ex. C.

On August 22, 2022, Under Armour produced 59 additional documents. Sullivan Decl. ¶ 10. On August 31, MET advised Under Armour that its production was deficient and that its objections were untimely and this Court had already ordered it to produce documents responsive to the Requests. Sullivan Decl. Ex. G. Specifically, ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████

Under Armour responded on September 14, c███████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ Under Armour also stated that it had previously produced responsive documents and noted specific bates numbers for the previously produced documents. *Id*. After reviewing the bates numbers provided by Under Armour, MET reached out again on October 7, 2022 to advise Under Armour of the continued outstanding deficiencies in its production. Sullivan Decl. Ex. I.  MET further asked Under Armour to confirm whether it was

withholding any responsive documents to any of the Requests pursuant to Rule 34, and again offered to meet and confer.  *Id.*

### D.    *Meet and Confers and Conferences with the Special Master*

Thereafter, ███████████████████████████, met for status conferences before the Special Master on October 14 and October 28, 2022. (ECF No. 163 p. 1). During the October 14 conference, MET explained that Under Armour provided documents in response to its Third and Fourth Requests, but that they were plainly insufficient ████████████████ ███████████████████. Following that initial conference, the Special Master encouraged the parties to further discuss open issues as well as the issues which the parties believe they have reached an impasse.  *Id.* ¶ 16.

The parties met and conferred on October 24 and discussed MET's Requests. At that meet and confer, Under Armour's attorneys indicated that they had spoken with their client at length the previous week, and that Under Armour had follow-up questions regarding the scope of MET's Requests. Sullivan Decl. ¶ 18.  MET explained, request by request, both the information that it seeks in the Requests as well as the relevance of that information and cited to the specific deposition testimony relevant to each Request. *Id.* ████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████

Ultimately, Under Armour's counsel represented that they would confer with their client about searching for additional documents and would update Under Armour's responses to indicate whether documents are being withheld in response to MET's Requests. To date, no supplemental responses or production was served by Under Armour. Sullivan Decl. ¶ 21.

On October 28, the parties met for the final conference before the Special Master.  ECF No. 163; Sullivan Decl. ¶ 22. At that conference, MET highlighted that it had not received supplemental documents in response to its Request, and again clarified what it seeks in the Requests and referenced the pertinent deposition testimony. Sullivan Decl. ¶ 22. Despite this final comprehensive effort, Under Armour has maintained its objections and refusal to produce material and relevant documents. *Id.*

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

### E.      *The Requests that Remain at Issue*

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

For ease of reference, the Requests which remain the focus of MET's efforts to compel production are as follows:

### 1.  *Third Request for Production*





### 2. MET's Fourth Requests for Production

## LEGAL STANDARD

Pursuant to F.R.C.P. 34(2)(B) and (C), "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest. Fed. R. Civ. P. 34(2)(B) and (C). Where a party served with a request for production of documents pursuant to Fed. R. Civ. P. 34(b) refuses to produce documents in response to any valid request, the serving party may file a motion to compel production under Rule 37(a). Fed. R. Civ. P. 37(a)(3)(B).

Under Rule 37, the moving party bears the initial burden of proving the relevance of the material requested. *PEG Bandwidth PA, LLC v. Salsgiver, Inc.*, No. 3:16-cv-178, 2017 U.S. Dist. LEXIS 108516, at *3-4 (W.D. Pa. July 13, 2017) (internal citation omitted). Once "the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that

discovery of the material requested is inappropriate." *Id*. at *4. The party resisting discovery must demonstrate why the requested discovery is inappropriate, "the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient." *Id*.

"The complaint and its claims circumscribe the scope of discovery. It is against these claims that discoverability is determined as to each discovery request made." *McClendon v. Dougherty*, 2011 U.S. Dist. LEXIS 54867, 2011 WL 2014816 at *2 (W.D. Pa. May 23, 2011). When judicial intervention is invoked in a discovery dispute, the actual scope of discovery should be determined according to the reasonable needs of an action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested. (Fed. R. Civ. P. 26, cmt. to 2000 amend.).

"Requiring a responding party to... compile substantial amounts of data and information does not automatically constitute undue burden ... [I]mposing such a burden is particularly proper where ... the information is crucial to the ultimate determination of a crucial issue and where the location of the documents is best known by the responding party." *United States v. Educ. Mgt. LLC*, No. 2:07-cv-00461, 2013 U.S. Dist. LEXIS 104175, at *27 (W.D. Pa. May 14, 2013) (internal citations omitted); *Barton v. RCI, LLC*, Civil Action No. 10-3657 (PGS), 2013 U.S. Dist. LEXIS 46590 at *10-11 (D.N.J. March 28, 2013).

## **ARGUMENT**

### I.     **UNDER ARMOUR MUST BE COMPELLED TO PRODUCE DOCUMENTS IN RESPONSE TO THE REQUESTS**

It is undisputed that MET's Requests are relevant to its claims. In fact, that matter has been settled by the Court. ECF No. 142 at 3. In its Order, this Court specifically stated: "MET's

request was timely. Moreover, the documents requested are relevant. Therefore, Under Armour is compelled to produce them." ECF No. 142. Now, in the face of that Order, Under Armour has outright refused to produce responsive documents over its objections and has even failed to comply with Rule 34's requirement that it indicate whether documents are being withheld based on its objections. *See* Sullivan Decl. Exs. F, G.  Since this Court has already ruled that the requested documents are relevant, there is no basis for Under Armour to withhold any responsive documents and the Motion should be granted. Nor should Under Armour be permitted to make belated and new arguments to avoid producing documents in response to the Request. *See Craker v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 11-0225, 2011 U.S. Dist. LEXIS 141811, at \*2-3 (W.D. Pa. Dec. 9, 2011) ("[Defendant] has persisted in refusing to produce this information and now opposes [plaintiff's] second motion to compel production … on the ground that it is not relevant. Having lost on the timing question, [defendant] now advances an entirely new argument that the reserve information can never be discoverable because it is irrelevant. Such tactics have no place in this court"). As in *Craker*, Under Armour's tactics have no place here and the documents sought should be compelled.

Moreover,  since ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ *See Educ. Mgt. LLC*, 2013 U.S. Dist. LEXIS 104175, at *22 (finding that "the scope of discovery should be determined by the 'reasonable needs of an action' considering the circumstances and the nature of the claims and defenses."). Under Armour cannot and should not be permitted to present a defense while also refusing to produce documents related to that same defense. *See* Fed. R. Civ. P. 37(C)(1) ("If a party fails to provide information . . . as required by Rule 26[(e) (related to supplementing discovery responses)], the party is not allowed to use that information . . . to supply evidence on a motion . . . or at trial, unless the failure was substantially justified or is harmless"); *DCK TTEC, LLC v. Postel Indus.*, 602 F. App'x 895, 897 (3d Cir. 2015) ("When a party fails to disclose or supplement as required by Rule 26, the court has discretion to prevent it from using that information or witness at trial"). Under Armour cannot be allowed to circumvent its obligations under the Rules to produce documents relevant to the claims and defenses at issue.

Nor should Under Armour, after being ordered to produce documents in response to the Requests, be allowed to circumvent that order by raising new objections and arguments that could have and should have been raised in opposition to MET's first motion to compel. *See Cie. Des Bauxites De Guinee v. Three Rivs. Ins. Co.*, No. 2:04cv393, 2007 U.S. Dist. LEXIS 7313, at *6 (W.D. Pa. Feb. 1, 2007) ("Obviously, to comply with the court's order the disclosure … must be done in a cooperative and professional manner well before the close of discovery. The civil and orderly progression of complex litigation requires at a minimum such timely disclosures. Gamesmanship and tactical maneuvering have no place in such litigation and will not be countenanced"). ████████████████████████████████████████████████

███████████████████████████████████████

██████████ *See* Sullivan Decl. Ex. E. This is in complete dereliction of this Court's Order and Under Armour must be compelled to produce responsive documents.

**II.**   **UNDER ARMOUR IS ABUSING THE DISCOVERY PROCESS IN ORDER TO FRUSTRATE THE CLAIMS AGAINST IT**

Under Armour is clearly leveraging its relative size and monetary advantage to frustrate the MET's ability to adequately investigate its claims and the testimony of Under Armour employees. This behavior is unduly burdensome for MET, for the Court and now the Special Master, who have spent endless hours discussing the sufficiency of document productions rather than investigating the claims at issue. *See McLaughlin v. Phelan Hallinan & Schimeg*, LLP., Civil Action No. 10-1406, 2013 U.S. Dist LEXIS 33255, at *15-16 (W.D. Pa. Mar. 11, 2013) ("As the result of PHS's withholding of discovery documents, all parties were denied the ability to fully investigate the facts of this case in a timely manner. This, in turn, resulted in the need for additional briefing. Thus, all costs subsequently incurred by McLaughlin in connection with this motion for reconsideration are the direct result of PHS's failure to produce the Invoices during discovery"). Indeed, if the Motion is denied, Under Armour's gamesmanship would be rewarded such that MET would be unable to fully investigate its claims and Under Armour's defenses and would be precluded from obtaining documents that likely could be used to impeach Under Armour's witnesses at trial. *See Jordan v. Murin*, No. 1:18-cv-0228, 2020 U.S. Dist. LEXIS 97113, at *9 (W.D. Pa. June 1, 2020) ("Griffin cannot be permitted to use his own defiance of the order compelling discovery to frustrate Jordan's ability to advance the claims against him"); *In re Generic Pharms. Pricing Antitrust Litig.*, No. MDL No. 2724, 2021 U.S. Dist. LEXIS 250212, at *20 (E.D. Pa. Nov. 2, 2021) ("[the] liberal discovery policy and the broad view of relevancy extend to information that can be used for impeachment of significant witnesses").

Under Armour's willful disobedience of this Court's Order in and of itself warrants granting the Motion. Notwithstanding, the Motion should be granted because Under Armour cannot be permitted to withhold relevant and responsive documents based on its own self-serving and narrow interpretation of the Requests or interpretation of previously produced documents as discussed *infra*.

### III.   Under Armour's Narrow Interpretation Does Not Obviate Its Obligations Under the Order or the Rules

"Interrogatories and production requests should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a) [of Rule 37]." 8B Wright, Miller & Marcus, Fed. Practice and Procedure § 2177 (Answers to Interrogatories) (3d ed.) (2010); *see also Bracey v. Valencia*, Civil Action No. 19-1385, 2022 U.S. Dist. LEXIS 89421, at *39-40 (W.D. Pa. May 18, 2022) ("the obligation to provide candid objections and identify responsive documents cannot be required to turn on the use of 'magic words' to obtain clearly relevant discovery'").

Notwithstanding, that is exactly what Under Armour has done here. Under Armour has repeatedly asserted that based on its extremely narrow and restrictive interpretations of the Requests – despite MET repeatedly explaining the scope of its Requests – it does not have any additional responsive documents. Sullivan Decl. ¶¶ 13-22. ███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████ *Arconic Inc. v. Novelis Inc.*, No. 17-1434, 2018 US Dist LEXIS 176303, at \*11 (W.D. Pa. Oct. 15, 2018) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action") (internal citation omitted).

Moreover, to the extent this Court believes there is a disagreement of what the language means or the scope of the Requests, MET can formally revise the language to match what it already has explained to Under Armour informally or serve new requests.[1] Under no circumstance, should form over substance prevail here, which is exactly what Under Armour is arguing.

## IV.   Under Armour's Previously Produced Documents Also Do Not Obviate Its Obligations Under the Order or the Rules

Under Armour attempts to avoid its obligations under the Order and the Rules by arguing that it has already produced responsive documents and provides certain bate stamps as reference. This argument is entirely belied by the documents themselves.

---

[1] Significantly, Under Armour insisted that the last stipulation to extend fact discovery include language wherein the parties agreed to serve no additional document requests. It no appears this was a strategic insertion by Under Armour who likely intended to avoid responding to these Requests on its "interpretation" thereof while also precluding MET from serving new clarifying requests.

A brief description of the documents cited, and their contents, shows the blatant deficiencies in Under Armour's production. █████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

    ███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

    ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████





*See DCK TTEC, LLC*, 602 F. App'x at 897 (finding no abuse of discretion where the district court precluded witness testimony for failure to follow disclosure obligations, citing Fed. R. Civ. P. 37(C)(1)).

## V.  UNDER ARMOUR'S CONDUCT HAS FRUSTRATED THE DISCOVERY PROCESS AND CREATED UNNECESSARY COSTS

Under Armour's obstructive behavior culminating in the purposeful withholding of critical documents warrants sanctions. Federal Rule of Civil Procedure 37(b) (2) (A) provides that "[i]f a party [. . .] fails to obey an order to provide or permit discovery [. . .] the court where the action is pending may issue further just orders." Such orders may include, inter alia, striking of pleadings, rendering default judgment against the disobedient party, or dismissing the action. Fed. R. Civ. P. 37(b) (2) (A) (i)-(vii). Pursuant to Rule 37(b) (2) (C), "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(b)(2)(C). Courts in the Third Circuit have explained that the decision to impose sanctions for discovery violations, as well as any determination as to what sanctions are appropriate, are matters generally entrusted to the discretion of the district court. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007).

The *Jordan* case analyzes a similar pattern of behavior that warranted entering a default judgment against the defendant. In that case, the plaintiff sought an entry of default against the defendant as a result of repeated failures to comply with discovery requests and a court order compelling compliance with those requests. 2020 U.S. Dist. LEXIS 97113, at *2-4. In that case, the court entered a default, given that the defendant's "failure to respond to [] discovery requests was discussed at length during a hearing" and that "noncompliance has materially delayed this proceeding and [plaintiff's] ability to advance his claim …" 2020 U.S. Dist. LEXIS 97113, at *8. As in *Jordan*, here, Under Armour's conduct is clearly designed to frustrate MET's ability to prosecute his claim.

As such, this Court should exercise its discretion and award sanctions here based on Under Armour's failure to comply with the Order and continued refusal to produce highly relevant and material documents based on its newly contrived argument that it already produced responsive documents and its extremely narrow interpretation of each Request. In fact, Under Armour's refusal to comply with the Order has resulted in several meet and confer attempts, three sessions before the Special Master and the instant Motion, which required MET to seek to compel the exact same documents that it sought to compel in the first Order.

As a result, the parties have incurred significant additional costs, have failed to reach a resolution, and Under Armour has not even fully complied with its obligations under Rule 34. Despite Under Armour's complaints throughout the discovery process, this clear refusal to

produce relevant documents amounts to no more than a purposeful, unilateral impediment of this litigation. This pattern or behavior and strategy serves no purpose other than to frustrate this litigation, and Under Armour should bear the continued costs of that frustration. *See Drone Tech., Inc. v. Parrot S.A.*, 303 F.R.D. 254, 261 (W.D. Pa. 2014) ("If Defendants were really 'eager to resolve this case promptly and on the merits,' as they argue, they would have complied with the Court's repeated Orders to come into compliance with their discovery obligations. Defendants' willful failure to do so leads this Court to the inevitable conclusion that Defendants seek to delay and impede this litigation. Defendants' obstructionist actions cannot be allowed to continue and merit severe sanctions"); *McLaughlin*, 2013 U.S. Dist LEXIS 33255, at *15-16 (issuing sanctions where discovery costs were incurred solely as a result of defendant's withholding of relevant documents); *Mon Riv. Towing, Inc. v. Indus. Term. & Salvage Co.*, Civil Action No. 06-14992010 U.S. Dist. LEXIS 31227, at *111 (W.D. Pa. Mar. 31, 2010) (awarding attorney's fees and costs, finding that defendant acted in bad faith and with callous disregard and indifference by withholding documents that were highly probative of, and detrimental to Defendant's position on liability).

Indeed, the Court may find it appropriate in this case to issue sanctions beyond the costs and fees incurred in the continued motion practice surrounding MET's Third and Fourth Requests, which could include striking Under Armour's defenses that: MET fails to state a claim upon which relief can be granted (10th Affirmative Defense); laches (11th Affirmative Defense); waiver (13th Affirmative Defense); and that MET has not suffered any damages for which Under Armour is responsible and failed to mitigate (15th Affirmative Defense). Specifically, this Court could order that Under Armour be precluded from introducing any evidence or testimony at trial to the extent that it supports the defenses ███████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████ *NHL*

*v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) ("the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

At the very least. Under Armour should be ordered to produce all relevant documents in its possession and be assessed the costs of the present motion, along with any and all other sanctions which this Court deems are appropriate in light of Under Armour's continued and willful obstructionist behavior.

## CONCLUSION

For the above-mentioned reasons, MET's Motion to Compel the Production of Documents should be granted in its entirety and this Court should make any other rulings it deems are just and appropriate.

Dated: November 30, 2022                    WHITE AND WILLIAMS, LLP


                                            */s/ Nicole A. Sullivan*
                                            Nicole A. Sullivan
                                            Thomas E. Butler
                                            Thomas Fiddler
                                            *Attorneys for Plaintiff*