IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC, | ) ) ) ) |
| Plaintiff | ) ) 2:20-cv-664-NR |
| v. | ) ) ) |
| UNDER ARMOUR, INC., | ) ) ) |
| Defendant. | ) ) |

### ORDER

Special Master George Bibikos has submitted a comprehensive Report & Recommendation regarding discovery disputes between the parties (and a third party). ECF 187. Under Armour filed two objections to the R&R, ECF 188, and MET responded, ECF 191. After reviewing the R&R and briefing, and on a *de novo* review, the Court hereby adopts the R&R with one modification.

First, Under Armour argues that its motion to compel production of deposition transcripts and interrogatory answers from the *Hologenix* and *Casden* cases should be granted because of the substantial overlap between the cases and lack of burden to MET. *Id.* at pp. 1-2. The Court agrees with Special Master Bibikos that despite those factors, Under Armour's requests remain overly broad. Therefore, Under Armour's objection is **OVERRULED.**

Second, Under Armour contends that even though the deposition transcript of Dr. Alan Letton is designated as Attorney Eyes Only, Dr. Matthew Trexler – Under Armour's Principal of Technology Validation – should be permitted to review portions of it because MET already disclosed certain trade secrets to Dr. Trexler. ECF 188, p. 4. The Court agrees with the Special Master that under the terms of the protective order in this case, the Attorney Eyes Only designation is proper since Dr. Letton

1

discussed trade secrets. Though there is no error in the recommendation, the Court finds that a limited exception to the previously entered protective order (ECF 29) is appropriate here, so that Under Armour and Dr. Trexler can fairly respond to allegations that they misused trade secrets that MET had voluntarily disclosed to him. Therefore, Under Armour's objection is **SUSTAINED.** Dr. Trexler will be able to review the requested excerpts, but the transcript shall otherwise remain designated Attorney Eyes Only.

Finally, having independently reviewed the entire R&R, and having received no other objections thereto, the Court will also **ADOPT** the remainder in full.

\* \* \*

For the foregoing reasons, the Report & Recommendation (ECF 187) prepared by Special Master Bibikos is **ADOPTED** as the opinion of the Court, except as to Recommendation C. It is hereby **ORDERED** that a limited exception shall apply to the Attorney Eyes Only designation as to Dr. Letton's deposition transcript, such that Dr. Trexler may review the following pages of the transcript: pp. 40:5-44:7; 50:1-52:2; 55:13-59:20; 72:3-13; and 74:18-76:6.

DATE: March 15, 2023                          BY THE COURT:

                                              /s/ *J. Nicholas Ranjan*
                                              United States District Judge