**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNDER ARMOUR, INC.,<br><br>Defendant. | ) | 2:20-CV-664 |

**ORDER**

At the Final Pretrial Conference held on November 5, 2026, the Defendant Under Armour asked the Court to reconsider its Order (ECF 432) overruling Under Armour's objections to several of Plaintiff MET's exhibits—P-13, P-19, P-29, P-60, P-64, P-66, P-67, P-81, P-82. Upon careful consideration, the Court affirms its prior decision overruling Under Armour's objections, but will exclude P-64 for being duplicative of P-66.[1]

**I. Exhibits pertaining to the FDA claims are relevant and not unfairly prejudicial.**

The Court finds that the exhibits relating to discussions of the FDA claims (P-13, P-19, P-60, P-64, P-66, P-67) are admissible as they are probative of Under Armour's understanding of the veracity of the claims. As to the temporal issue raised by Under Armour, the Court finds that that gap in time doesn't make the documents irrelevant. This is so for at least two reasons.

First, at the Final Pretrial Conference, counsel for MET indicated that it contests that the alleged interferences did not also occur in 2018, so the exhibits dated 2018 appear to be relevant to what Under Armour understood about the claims

[1] As discussed at the Final Pretrial Conference, P-81 will be excluded as duplicative of P-82.

during the timeframe MET alleges Under Armour was interfering with its relationships.

Second, the exhibits are probative as to how Under Armour understood the FDA claims and how Under Armour employees reacted when false or misleading claims about the FDA's determination were made. The temporal gap between the alleged interference and these emails goes more to the weight of this evidence and Under Armour is free to argue, for example, that the exhibits show that it was unaware of the falsity of the claims at the time of the alleged interference and that it took efforts to correct any misunderstandings when they arose.[2]

Exhibit P-82 is also relevant as it contains an email sent by Steve Josey to other Milliken insiders showing that Milliken was aware of and apparently, as late as October 2018, believed the claim that Celliant had FDA approval as a medical device. There is some support here that Milliken's ability to claim it as a medical device was a motivating factor for Milliken, which MET may argue shows that Milliken was wrongfully discouraged from negotiating with MET. Under Armour will be free to argue that the email chain shows that Milliken only learned of the false claim from Hologenix and outside of the timeframe of the alleged interference—again, more of a weight issue.[3]

As to any Rule 403 issues, the Court doesn't discern any undue prejudice or risk of jury confusion with these exhibits. The temporal gap is something that can be

---

[2] Although not raised at the Final Pretrial Conference, the Court notes that the content of P-64 is duplicative of P-66, as P-64 is an earlier version of the email chain. The Court will exclude P-64 for being duplicative.

[3] Although P-82 was not objected to as hearsay, the Court notes that the exhibit does not present any hearsay problems as it appears to be offered for the non-truth purpose of showing that Milliken was aware of the false claim, and to show Steve Josey's then-existing belief about Celliant. Fed. R. Evid. 801(c)(2), 803(3).

easily understood and explained by both sides, and, again, will ultimately be a weight issue. As such, because the exhibits have some probative value regarding the understanding of the FDA claims, the Court concludes that they are not substantially outweighed by the risk of unfair prejudice or confusion. Fed. R. Evid. 403. They are therefore admissible at trial.

## II. P-29 is probative of American Textile's beliefs about Celliant and Redwave.

The Court also determines that P-29 is admissible as relevant evidence not substantially outweighed by prejudice. The email chain is probative of what employees of American Textile believed to be true about the relative costs of manufacturing with Celliant and Redwave, and the amount of Celliant that would be needed compared to Redwave. This is potentially probative of American Textile's motivation in switching to Celliant from Redwave, and the Court cannot discern any undue prejudice or potential jury confusion. Fed. R. Evid. 403. P-29 is therefore admissible.

********

For these reasons, the Court **DENIES** Under Armour's request for reconsideration, except as to the duplicative exhibits: P-64 and P-81.[4]

DATED this 6th day of November, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[4] This order is without prejudice to Under Armour requesting certain limiting instructions at trial or as part of the final jury instructions if it turns out that the evidence is presented in a way that could produce some degree of juror confusion.